24-680
*Abazi v. Blanche*

BIA
Burns, IJ
A220 094 682

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day July, two thousand twenty-six.

**PRESENT:**
> **DENNY CHIN,**
> **SUSAN L. CARNEY,**
> **BETH ROBINSON,**
> > *Circuit Judges.*

_____

**ALKETA ABAZI,**
> *Petitioner,*

> v.                                                    **24-680**
>                                                        **NAC**

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**                Adrian Spirollari, Esq., Brooklyn, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Margot P. Kniffin, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alketa Abazi, a native and citizen of Albania, seeks review of a February 15, 2024 decision of the BIA affirming a September 22, 2023 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alketa Abazi*, No. A 220 094 682 (B.I.A. Feb. 15, 2024), *aff'g* No. A 220 094 682 (Immig. Ct. N.Y. City Sept. 22, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified and supplemented by the BIA, *i.e.*, minus the grounds for the IJ's decision that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings, including adverse credibility determinations, for substantial

2

evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination here.

First, the BIA reasonably relied on the inconsistencies between Abazi's written statement and her hearing testimony. Abazi testified that she reported an assault by Socialist Party members to the police in 2015, but the police refused to investigate the assault based on her party affiliation, and that the police threatened her in 2017 when she tried to obtain from the police records of her 2017 arrest. She did not mention these interactions with the police in her written statement, however. The agency reasonably relied on these omissions in light of the fact that Abazi's written statement was a detailed five-page, single-spaced document prepared with the assistance of counsel, and her explanation at the hearing for omitting her alleged report of the 2015 assault—*i.e.,* that she did not mention it because she did not have evidence that she went to the police—was not compelling, since she did mention other uncorroborated facts in her written statement. She provided no explanation at all for her omission of the alleged 2017 police threats. *See Hong Fei Gao*, 891 F.3d at 78 (holding that "the probative value" of an omission "depends on whether those facts are ones the witness would reasonably have been expected to disclose"); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks

4

omitted)); *see also Scarlett v. Barr*, 957 F.3d 316, 329 (2d Cir. 2020) (holding that where persecutors are private actors, applicant must show that "government is unable or unwilling to control" them (internal quotation marks omitted)).

Further, Abazi's allegations that she told an asylum officer and her psychologist that she sought help from the police after the 2015 attack are either uncorroborated, because there is no evidence of the asylum interview in the record, or unexhausted, because she did not alert the agency to the reference in the psychologist's statement. *See Majidi*, 430 F.3d at 80; *see also Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

The agency also reasonably relied on an inconsistency that raised questions about why Abazi came to the United States. She testified that she came to the United States after she was laid off from her job in Albania. In her written statement, however, she claimed that she was devastated, depressed, and weak as a result of a 2019 arrest and sexual assault, and that she had applied for a visa in 2019 that was granted in January 2020, so she then quit her job to come to the United States. The agency did not err in relying on this inconsistency, which indicated she was not being forthcoming and called into question whether she left

5

Albania for economic reasons or because of the alleged persecution. Similarly, given Abazi's statements about her alleged 2017 arrest and physical abuse by the police, the agency reasonably questioned the plausibility of her testimony based on her account that she had visited her sister who lived in Italy shortly after the 2017 arrest but did not attempt to stay there or apply for asylum there. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (deferring to an IJ's implausibility finding so long as the "inference is made available . . . by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

The agency also reasonably determined that the corroborating evidence that Abazi offered was insufficient to rehabilitate her credibility. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The medical record that she introduced into evidence was not contemporaneous with her treatment and did not identify what had caused her psychological distress and physical injuries; her party ID card was issued after she came to the United States; the letter from a local party leader failed to mention the alleged assaults, even though Abazi testified that the party leader was aware of them; and the letters from her father and friends were from

6

interested witnesses who were not subject to cross-examination. *See Likao Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "IJ acted within her discretion in according [letters] little weight because the declarants (particularly [the petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, the omissions, inconsistencies, and lack of reliable corroboration are substantial evidence supporting the BIA's adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude [a noncitizen] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. Because Abazi's claims for asylum, withholding of removal, and CAT relief all relied on the same allegations by Abazi, the adverse credibility determination is dispositive of all three forms of relief. *See Hong Fei Gao*, 891 F.3d at 76.

Finally, we find no merit in Abazi's due process claim. "To establish a violation of due process, [a noncitizen] must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her

7

of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted), and that she suffered "some cognizable prejudice fairly attributable to the challenged process," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted). An IJ has "an obligation to establish and develop the record" while remaining "a neutral, impartial arbiter," and may "probe inconsistencies and develop the relevant facts." *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006). And to show prejudice, a petitioner must demonstrate "that the outcome of h[er] removal proceedings would have been . . . different" but for the alleged violation. *Debeatham v. Holder*, 602 F.3d 481, 486 (2d Cir. 2010).

Pointing to comments the IJ made to her attorney at the beginning of the hearing about the quality of the documentary evidence she provided, and noting that there was not much to support her claim, Abazi argues that the IJ "predetermined the outcome of the case" before hearing her testimony. Pet'r Br. at 36. The IJ then heard Abazi's testimony, however, and rendered an adverse credibility determination that, for the reasons stated above, is supported by substantial evidence. Thus, Abazi has not demonstrated that the IJ would have reached a different conclusion had he considered the documentary evidence only after she testified. *See Debeatham*, 602 F.3d at 486.

8

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court